Johnson, J.,
Joseph G. McConnell, a resident of the Village of Belle Center, in Logan county, died there in 1915. He left a will, which was admitted to probate by the probate court of Logan county. The will was executed at his home in the village, and his executors have continuously resided in Logan county since his death.
By the terms of his will he directed that certain real estate in the townships of Roundhead and McDonald, in Hardin county, Ohio, should be sold by his executors, and legacies which entirely consumed the proceeds were directed to be paid. These legacies were subj'ect to the inheritance tax. The testator acquired the real estate by purchase, prior to the execution of his will. The executors sold the real estate, made distribution of the proceeds thereof in accordance with the terms of the will, and have paid into the county treasury of Logan county the amount of the inheritance or succession tax. The trustees of McDonald and Roundhead townships in Hardin county claimed the portion of the tax which the statute provides should be returned to the city, village or township in which the *52 inheritance tax originates. The probate court directed that, the proportion named of the tax should be paid to the village of Belle Center. This order was affirmed by the court of common pleas and reversed by the court of appeals.
The solution of the question presented depends on the construction of Sections 7 and 9, Article XII of the Constitution, as amended in September, 1912, and Section 5331, General Code, passed pursuant to that amendment. The sections, of the constitution referred to are as follows:
Section 7, Article XII: “Laws may be passed providing for the taxation of the right to receive, or to succeed to, estates, and such taxation may be uniform or it may be so graduated as to tax at a higher rate the right to receive, or to succeed to, estates of larger value than to estates of smaller value. Such tax may also be levied at different rates upon collateral and direct inheritances, and a portion of each estate not exceeding twenty thousand dollars may be exempt from such taxation.”
Section 9, Article XII: “Not less than fifty per centum of the income and inheritance taxes that may be collected by the state shall be returned to the city, village or township in which said income and inheritance tax originate.”
The pertinent portions of Section 5331, General Code, read: “All property within the jurisdiction of this, state, and any interests therein, whether belonging to inhabitants of this state or not, and whether tangible or intangible, which pass by will or by the intestate laws of this state, * * * other *53 than to or for the use of the father, mother, husband, wife, lineal descendant or adopted child, shall be liable to a tax of five per cent, of its value above the sum of five hundred dollars. Fifty per cent of such tax shall be for the use of the state; and fifty per cent of such tax shall go to the city, village or township in which said tax originates. * * * Such taxes shall become due and payable immediately upon the death of the decedent and shall at once become a lien upon the property, and be and remain a lien until paid.”
The contention of the plaintiff in error in substance is that the tax originated in the village of Belle Center because it was the testator’s home when he died, and when he made his will; and that it has since been the home of his widow, the executrix.
It is also contended that the direction in the will requiring the executors to sell the land and distribute the proceeds in equity stamped the land with the character of personalty, and fixed the situs for the purposes of the inheritance tax at the domicile of the testator and his widow, who was the sole executrix at that time.
It will be observed that the provision of the statute defining what shall be subject to the inheritance tax reads, “All property within the jurisdiction of this state, and any interests therein, whether belonging to inhabitants of this state or not,” and that the Constitution, Section 9, Article XII, provides that not less than fifty per centum of the inheritance tax shall be returned to the city, village or township in which said inheritance tax orig- *54 mates. It is a reasonable presumption that if it had been the intention of the framers of this provision that fifty per centum should go to the city, village or township in which the decedent resided, words obviously apt and conclusive in the statement of that intention would have been used. The section would have contained the simple, plain language that fifty per centum of the inheritance tax shall be returned to the city, village or township in which the decedent resided. No such language was used. The language which was used, “the city, village or township in which said income and inheritance tax originates,” when taken in connection with the provision in Section 7 of the amendment, “Laws may be passed providing for the taxation of the right to receive, or to succeed to, estates,” demonstrates that the framers of the amendment regarded the estate as the thing from which the tax would originate. The right to succeed to the estate is the thing that is taxed. Pursuant to this grant of authority, the legislature, in Section 5331, General Code, above quoted from, enacts that “All property within the jurisdiction of this state, and any interests therein, whether belonging to inhabitants of this state or not,” shall be liable to the tax. The property of a nonresident of Ohio which is within the jurisdiction of this state is by express provision made subject to the tax.
No one would contend, if a decedent owner lived and died in a city, village or township of another state, that the “inheritance tax originates” in such *55 other state and city and that it would be payable there. But if we conclude that in such a case the tax is payable where the land is located, no reason is apparent that a different rule should apply when the decedent resided in a locality in this state other than that in which the land is situated. It frequently happens that the decedent and his devisees or heirs all reside in other states. Nor does the fact, that in this case the will provides that the executors shall sell the Hardin county land and pay the legacies out of the proceeds, change the locality in which the inheritance tax originated. Conceding that lands directed by will to be sold and converted into money are treated in equity as personal estate, still the land which is so treated in equity as personalty is the source, the origin, from which the tax comes. Moreover it must be noted that where land is directed to be sold and proceeds paid to certain designated beneficiaries, they may elect to take the land itself and prevent a sale, if all are capable of electing. (40 Cyc., 1999, and Holt et al. v. Lamb et al., 17 Ohio St., 374.) That is, the beneficiaries have succeeded to rights concerning the land itself. The statute provides that the tax shall become due and payable immediately on the death of the decedent and be a lien upon the property until paid.
We are convinced that the construction we have indicated effectuates the intention of the framers of the provisions in question.
*56 For these reasons the judgment of the court of appeals will be affirmed.

Judgment affirmed.

Wanamaker, Newman, Jones and Matthias, JJ-, concur.